```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
RAMON HERNANDEZ,                                            :
                                   Plaintiff,               :      21 Civ. 2397 (LGS)
                                                            :
             -against-                                      :      OPINION AND ORDER
                                                            :
CITY OF NEW YORK, et al.,                                   :
                                   Defendants.              :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Ramon Hernandez was arrested on February 5, 2015, and was detained until December 12, 2016, when the criminal proceedings were terminated in Hernandez's favor. The First Amended Complaint (the "Complaint") alleges that Plaintiff's arrest and the criminal prosecution violated his civil rights. Defendants are the City of New York (the "City") acting through the New York City Police Department ("NYPD"), and ten named employees of the NYPD and the City (the "Individual Defendants"). The Complaint asserts twenty-one causes of action under federal and New York law. Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion is granted, and the case is dismissed.

I.   BACKGROUND

The following facts are taken from the Complaint or are matters of which judicial notice may be taken, including public filings. *See Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021); *United States v. Am. Soc'y of Composers*, 627 F.3d 64 (2d Cir. 2010) (public filings). The Complaint's allegations are assumed to be true for purposes of this motion and are construed in the light most favorable to Plaintiff as the non-moving party. *See Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019).

On February 5, 2015, Plaintiff was stopped, questioned, searched, arrested and detained without reasonable suspicion or probable cause (the "February 2015 Incident"). Plaintiff was subsequently detained for twenty-one months, prosecuted without probable cause and based on fabricated evidence. Plaintiff was released from custody on November 15, 2016. On December 12, 2016, the criminal proceedings were terminated in his favor with all charges dismissed.

On February 15, 2017, Plaintiff filed a Notice of Claim with the City Comptroller, alleging that he had been wrongfully arrested in violation of his civil rights. The so-called 50-h hearing, which is required to bring a claim against a municipality in New York, was scheduled for May 30, 2017 (the "50-h Hearing"). *See* N.Y. Gen. Mun., ch. 24, art. 4, § 50-h. Plaintiff did not appear at the 50-h Hearing.

On January 9, 2018, Plaintiff commenced a lawsuit in the Bronx Supreme Court (the "2018 State Action"), asserting claims based on false arrest, battery, illegal search and seizure, excessive force, malicious prosecution, negligent supervision and hiring, and violations of the Fourth and Fourteenth Amendments of the United States Constitution. The City moved to dismiss the 2018 State Action based on Plaintiff's failure to appear for the 50-h Hearing. The motion was unopposed, and the 2018 State Action was dismissed in its entirety on March 13, 2020. Plaintiff did not appeal the dismissal of the State Action.

On February 15, 2021, Plaintiff filed the present suit in the New York state court based on the February 2015 Incident and Plaintiff's subsequent prosecution and detention. Defendants removed the case to federal court and filed the instant motion to dismiss.

The Complaint alleges, among other things, that the arrest and the prosecution were undertaken to meet the "NYPD departmental arrest quotas" and as a leverage to "obtain information related to actual crimes and criminal suspects . . . solely because of [Plaintiff's]

2

status as Hispanic or Latino male." The Complaint further alleges that the arrest and the prosecution were "due solely to [the officers'] racially discriminatory prejudices" and is part of a "larger pattern and practice of similar misconduct . . . pervasive and consistent throughout the NYPD."

II. **LEGAL STANDARD – STATUTE OF LIMITATIONS**

Although the statute of limitations is an affirmative defense, a court "may dismiss a claim on statute-of-limitations grounds at the pleading stage if the complaint clearly shows the claim is out of time." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021) (internal quotation marks and alterations omitted).

Section 1983 claims brought in New York are subject to a three-year statute of limitations. *DeSuze v. Ammon*, 990 F.3d 264, 271 (2d Cir. 2021). The three-year period begins to run as soon as Plaintiff "knows or has reason to know of the injury giving rise to the claim." *Milan v. Werthweimer*, 808 F.3d 961, 963 (2d Cir. 2015); *accord Bergrin v. United States*, No. 19 Civ. 9681, 2022 WL 912280, at *12 (S.D.N.Y. Mar. 28, 2022).

III. **DISCUSSION**

A. **All Federal Claims Are Time Barred**

Plaintiff asserts the following causes of action for violations of 42 U.S.C. § 1983: unlawful search and seizure, false arrest and false imprisonment, excessive force, malicious prosecution, malicious abuse of process, denial of rights to fair trial and due process, deprivation of rights and denial of equal protection of the laws, conspiracy to interfere with civil rights and failure to prevent the conspiracy, failure to intervene against the Individual Defendants, and municipal *Monell* liability against the City. The claim of "deprivation of rights and denial of equal protection of the laws" is also pleaded under 42 U.S.C. § 1981, and the claim of

"conspiracy to interfere with civil rights and failure to prevent the conspiracy" is additionally pleaded under 42 U.S.C. § 1985 and § 1986.  The federal claims are all time barred.

> 1. **Section 1983 Claims**

Claims brought under § 1983 in New York are subject to a three-year statute of limitations.  *DeSuze v. Ammon*, 990 F.3d 264, 271 (2d Cir. 2021).  The statute of limitations for the malicious prosecution claim began to run, at the latest, on December 12, 2016, when the Complaint alleges that "the prosecution terminate[d] in the plaintiff's favor."  *Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017) (internal quotation marks omitted) (alteration in original); *accord Peralta v. City of New York*, No. 15 Civ. 4455, 2019 WL 3239349, at *4 (S.D.N.Y. July 18, 2019).  The statute of limitations for the § 1983 claims alleging unlawful search and seizure, false arrest and false imprisonment and excessive force all began to run before that date.  *See Watson v. United States*, 865 F.3d 123, 131 (2d Cir. 2017) (quoting *Wallace v. Kato*, 549 U.S. 384, 389 (2007)) (explaining that the statute of limitations for the false arrest and false imprisonment begin to run when "the victim becomes held pursuant to [a legal process] -- when, for example, he is bound over by a magistrate or arraigned on charges"); *accord Delgado v. City of New York*, No. 19 Civ. 6320, 2021 WL 2473817, at *11 (S.D.N.Y. June 17, 2021).  The statute of limitations for the remaining § 1983 claims against the City -- generally alleging violations of due process and equal protection based on the Fourth, Fifth, Sixth and the Fourteenth Amendments based on allegedly wrongful conduct that occurred before the charges against Plaintiff were dismissed -- began to run, at the latest, when the criminal proceeding against Plaintiff was terminated.  In sum, the three-year statute of limitations period for all of the § 1983 claims began to run no later than December 12, 2016, and expired on December 12,

2019.  Because Plaintiff commenced this action and first asserted § 1983 claims on February 15, 2021, all of the § 1983 claims are time barred.

### 2. Section 1981, 1985 and 1986 Claims

Claims brought under sections 1981, 1985 and 1986 are likewise time barred.[1]  The § 1981 claim appears to allege that Defendant's arrest and the subsequent prosecution process were "motivated by a discriminatory animus."  42 U.S.C. § 1981.  The statute of limitations for § 1981 claims brought in New York is three years.  *See Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004); *accord Johnson v. N.Y. Univ.*, 800 F. App'x 18, 20 (2d Cir. 2020) (summary order).[2]  This claim expired, at the latest, three years after December 12, 2016, when Plaintiff's criminal proceeding was terminated.

The Complaint also asserts a claim of "conspiracy to interfere with civil rights and failure to prevent the conspiracy" under § 1985 and § 1986.  The statutes of limitations for claims under § 1985 and § 1986 are three years and one year, respectively.  *Paige v. Police Dep't*, 264 F.3d 197, 199 n.2 (2d Cir. 2001); *accord Sant v. Stephens*, 821 F. App'x 42, 44 (2d Cir. 2020) (summary order) (statute of limitations for § 1985); 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").  The Complaint alleges that Defendants "engaged in a conspiracy

---

[1] The Complaint's motion for attorneys' fees based on 42 U.S.C. § 1988 is denied as all underlying claims are dismissed as either time barred or under Fed. R. Civ. P. 12(b)(6).

[2] The Complaint does not allege a § 1981 claim based on discriminatory contract.  Only § 1981 claims based on discriminatory contract are subject to a four-year statute of limitations.  *See* 28 U.S.C. § 1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section [enacted Dec. 1, 1990] may not be commenced later than 4 years after the cause of action accrues."); *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 381 (2004); *Duplan v. City of New York*, 888 F.3d 612, 619 (2d Cir. 2018).  Even if the statute of limitations were four years, the § 1981 claim would be time barred because the claim would have accrued no later than December 12, 2016, when Plainitff's charges were dismissed, and this action was filed more than four years later on February 15, 2021.

5

against Plaintiff to deprive Plaintiff of his rights to engage in protected speech or activities, to be free from unreasonable searches and seizures, to be afforded a fair trial, to not be deprived of his liberty or property without due process of law, or of the privileges and immunities under the laws and constitutions of the United States and of the State of New York." Similarly, as above, this claim began to run, at the latest, when Plaintiff's criminal proceeding was terminated and is time barred.

### 3. CPLR § 205(a)

Plaintiff's filing of the 2018 State Action combined with CPLR § 205(a) cannot salvage the claims in this action. Under CPLR § 205(a), a plaintiff in certain circumstances "may commence a new action upon the same transaction or occurrence or series of transactions or occurrences [as the prior action] within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period." State tolling statutes ordinarily do not apply to federal claims governed by a uniform federal statute of limitations. *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 558 (2d Cir. 2016) (holding that CPLR § 205(a) does not apply to toll the RICO statute of limitations citing the need for federal uniformity). But CPLR § 205(a) would seem to apply to toll § 1983 claims because the statute of limitations for § 1983 claims derives from the law of the forum state and the desire for federal uniformity does not apply. See *Owens v. Okure*, 488 U.S. 235, 250 (1989) (stating that to determine the statute of limitations for § 1983 claims, courts "should borrow the general or residual [state] statute for personal injury actions."); *Sanya Lanausse v. City of New York*, No. 15 Civ. 1652, 2016 WL 2851337, at *2 (S.D.N.Y. May 13, 2016) (same).

Even assuming that CPLR §205(a) applies here, it does not revive the § 1983 claims. The 2018 State Action was dismissed in its entirety on March 13, 2020, and Plaintiff commenced the present action on February 15, 2021, which is more than six months after the dismissal.

### B.     Supplemental Jurisdiction over the State Law Claims

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. A district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c).  When "a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well.'" *Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010) (quoting *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)); *accord Vaughn v. Phx. House N.Y., Inc.*, 957 F.3d 141, 146 (2d Cir. 2020) ("Because the District Court properly dismissed [the federal] claims, the only claims over which it had original jurisdiction, it did not abuse its discretion by declining to exercise supplemental jurisdiction over his [state law] claims.").

### IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint is GRANTED. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 34 and close the case.

Dated: June 7, 2022
       New York, New York

                                                                    _____
                                                                    LORNA G. SCHOFIELD
                                                                    **UNITED STATES DISTRICT JUDGE**